STATE EX REL. SUCHER, Petitioner, v. COUNTY COURT OF MILWAUKEE COUNTY and another, Respondents.

*May 1—May 18, 1962.*

*Jack McManus* of Madison, for the petitioner.

*James J. Bonifas* and *Aladin A. DeBrozzo,* assistant district attorneys, and *William A. Platz,* assistant attorney general, for the respondents.

PER CURIAM. On April 10, 1962, a criminal warrant was issued against defendant charging him with a felony. Sec. 943.21, Stats., "Fraud on hotel or restaurant keeper." [1]

The case was set for trial in the county court of Milwaukee county, branch No. 4, Honorable CHRIST T. SERAPHIM, judge, presiding. The defendant by his attorney demanded a preliminary hearing pursuant to sec. 954.08, Stats. The trial court denied the defendant's request.

---

[1] "Any person having obtained any food, lodging, or other service or accommodation at any hotel, motel, boarding or lodging house, or restaurant, who intentionally absconds without paying for it may be fined not more than $500 or imprisoned not more than one year or both."

*Pruitt v. State,* ante, p. 169, 114 N. W. (2d) 148.

On April 23, 1962, one of the justices of this court issued an alternative writ of prohibition commanding the county court of Milwaukee county, branch No. 4, to desist and refrain from any further proceedings in the action until the 1st day of May, 1962, and that on said day cause to be shown before this court why the writ should not be made absolute. The respondent on April 27, 1962, made a motion to quash the alternative writ of prohibition.

The state concedes that the crime with which the defendant is charged is a felony.

The following two statutes are in direct conflict with each other with respect to the jurisdiction of the county court of Milwaukee county.

Sec. 253.12, Stats., amended by ch. 495, Laws of 1961, gives a county court in any county having a population of 500,000 or more, the jurisdiction to ". . . hear, try, and determine all charges for misdemeanors arising within the county, and in addition thereto shall have jurisdiction to hear, try, and determine all charges for offenses arising within the county, the punishment whereof does not exceed one year's imprisonment in the state prison or county jail, or a fine not exceeding $1,000, or both. . . ."

Sec. 954.13 (1), Stats., as amended by ch. 561, Laws of 1961, provides that where a defendant has been charged with a felony ". . . he shall be committed to await trial in either county court or circuit court at the discretion of the magistrate, except in counties having a population of 500,000 or more he shall be committed to await trial in the circuit court. . . ."

We determine that sec. 954.13 (1), Stats., controls in the instant action. If a defendant appears before the county court charged with a felony and requests a preliminary examination, the court shall conduct such examination and

if it is found that there is probable cause that the defendant committed a felony, he shall be bound over to the circuit court to await trial. However, the county court does have jurisdiction of felony cases permitted by sec. 253.12, where a preliminary hearing is waived by the defendant or where a plea of guilty is offered.

The motion to quash the alternative writ of prohibition is denied and the writ of prohibition is made absolute and the county court is directed to conduct a preliminary examination in accordance with petitioner's request.